IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                              CIVIL ACTION NO. 2:05-cv-00049

SHIRLEY A. RHODES, an individual, dba
RHODES LIVESTOCK, a sole proprietorship
livestock dealer,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's Motion for Summary Judgment [Docket 9]. The pro se defendant filed a response and the plaintiff has replied. Accordingly, the court **FINDS** that there is no genuine issue of material fact that the defendant has violated the Federal Food, Drug, and Cosmetic Act, ("FDCA") 21 U.S.C. § 331(a), by introducing and causing to be introduced into interstate commerce, and delivering and causing to be delivered for introduction into interstate commerce, articles of food that are adulterated within the meaning of 21 U.S.C. §§ 342(a)(2)(ii) and 342(a)(4); that the defendant is violating and, unless restrained by order of this Court, may continue to violate the FDCA, 21 U.S.C. §§ 301-397. As a result, the court **GRANTS** summary judgment in favor of the plaintiff and orders an injunction against the defendant with the following terms and conditions:

    I.    The defendant is permanently and perpetually enjoined under the provisions of 21 U.S.C. § 332(a) from directly or indirectly introducing or causing to be introduced

into interstate commerce, or delivering or causing to be delivered for introduction into interstate commerce, any article of food within the meaning of 21 U.S.C. § 321(f), consisting of animals or their edible tissues, unless and until all of the following have been accomplished:

A. The defendant has established and implemented a written record keeping system (the written record) whereby each of the calves she purchases, holds, delivers, sells, and consigns is individually and permanently identified. The information contained in the written record for each calf shall include, but not necessarily be limited to:

    1. the date the calf was purchased or obtained;

    2. the name and complete address of the seller; and

    3. the tag number of the calf (if the calf does not have a tag number at the time of purchase by the defendant, the defendant shall, upon purchase, place a tag number or other identifier on the animal and record it in the written record);

B. The defendant has established and implemented a system whereby, for each animal she purchases that is intended for slaughter or that may, at some time, be sent to slaughter, she determines whether the animal has been medicated, been fed medicated feed, or been fed milk or colostrum from a medicated animal. Such determination shall be made by requesting and reviewing all records maintained by the seller and obtaining a signed written statement from the seller that indicates the medication status of the animal. The

    defendant shall identify a medicated animal in her written record keeping system by stating that the animal is medicated and a non-medicated animal by stating that the animal is non-medicated and shall record, in the written record, the name of the person who provided information about the animal's medication status;

  C.    The defendant has established and implemented a quarantine or segregation system to distinguish between medicated and non-medicated animals held at Rhodes Livestock that ensures the defendant will not deliver, sell, or consign for slaughter any animal that may contain illegal residues of new animal drugs;

  D.    The defendant has established and implemented a system whereby prior to the delivery, sale, or consignment of any animal to any person or entity who may send such animal to slaughter at any time, including feed lot replacement stock, she provides to the receiver, purchaser, or consignee of the animal a signed written statement stating whether the animal has been medicated or fed medicated feed, milk, or colostrum from a medicated animal;

  E.    The defendant has reported to FDA in writing the steps that she has taken to comply with paragraphs I(A)-(D);

II.    The defendant shall maintain the written record and all other records or statements described in paragraph I for each animal for a period of at least three (3) years after the date the animal is delivered, sold, or consigned to any person or entity. These

records shall be made available immediately to FDA by the defendant upon request for purposes of inspection and copying.

III. Representatives of FDA shall be permitted, upon reasonable notice to make inspections of the defendant's livestock operations, including any new locations to ensure continuing compliance with the terms of this Memorandum Opinion and Order. Such inspections may, at FDA's discretion, include the taking of photographs and samples and the examination and copying of all records that relate to the purchase, holding, delivery, sale, or consignment of animals on the premises. Such inspections shall be permitted upon presentation of a copy of this Memorandum Opinion and Order and appropriate credentials.

IV. The defendant shall promptly provide any information or records to FDA regarding the purchase, holding, delivery, sale, consignment, medication, or maintenance of the documents described in this Memorandum Opinion and order, of any animals upon request.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 22, 2006

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE